UNITED SATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIGITTA RAINEY
    Plaintiff

v.

CIV. NO. 3:01CV2109(SRU)

SHAUN B. CASHMAN, COMMISSIONER,
CONNECTICUT DEPARTMENT OF LABOR,
CATHERINE J. SERINO, IN THEIR
INDIVIDUAL CAPACITIES
    Defendants

OCTOBER 21, 2003

## AMENDED COMPLAINT

**I.**      **JURISDICTION AND VENUE**

1. Jurisdiction is conferred by 42 U.S.C. §§ 1981 and 1983, 28 U.S.C. §§1331, 1343(a)(3) and (4), and the principles of supplemental jurisdiction.

2. Venue is properly in this district pursuant to 28 U.S.C. § 1391(b).

**II.**      **PARTIES**

3. Plaintiff is Brigitta Rainey, a resident of Meriden, CT and employee of State of Connecticut, Department of Labor, Board of Mediation and Arbitration.

4. Defendants are:

    A.    Shaun B. Cashman, Commissioner, Connecticut Department of Labor; and

    B.    Catherine J. Serino, Director, Board of Mediation and Arbitration, Connecticut Department of Labor.

    C.    The defendants alleged aforesaid are sued in their individual capacities.

**III.**      **STATEMENT OF FACTS**

**COUNT ONE- 42 U.S.C. §1983: Equal Protection - Against Catherine Serino in her individual capacity**

5-9.    Paragraphs 1 through 4 as alleged above are hereby made Paragraphs 5 through 9 of Count One.

10.    Plaintiff has been employed by the State of Connecticut, Department of Labor, Board of Mediation and Arbitration (hereinafter "the Board")since August, 1994.

11.    In April, 1999, plaintiff was employed as an Office Assistant by the Board.

12.    At said time, plaintiff became aware that the Board had a Secretary I position open, a position that offered greater pay and responsibilities than the position held by plaintiff.

13.    Defendant Catherine J. Serino, Director of the Board was aware that plaintiff intended to post for the Secretary I position, and offered to upgrade plaintiff's Office Assistant position and therefore plaintiff did not post for the Secretary I position.

14.    The Board, acting through defendant Serino, hired a Caucasian individual, Suzanne Hinz, to fill said Secretary I position.

15.    In or around April, 1999, defendant Serino stated at an interdepartmental meeting that the Secretary I position aforementioned filled by Ms. Hinz would not be upgraded to level II.

16.    In or around June, 1999, plaintiff became aware of a Secretary I position open with the Board.

17.    Plaintiff applied to transfer to said position, and said transfer was approved without plaintiff requesting an upgrade to level II, in June, 1999.

18.    In or around September, 1999, at the end of her six month probation period, Ms. Hinz was upgraded to a level II position, with a corresponding upgrade of pay, despite defendant Serino's statement that said upgrade would not be made.

19. Plaintiff's six month probation period was completed in December, 1999, but plaintiff was not upgraded to a level II status as had been Ms. Hinz.

20. In or around February, 2000, plaintiff requested via email from defendant Serino an upgrade to a level II position.

21. Defendant Serino failed to comply with said request.

22. Plaintiff's job performance evaluations were all greater than satisfactory, and plaintiff successfully completed her probation period at her stated position.

23. Defendant Serino treated plaintiff differently than plaintiff's non-African American, non-black co-workers in that since 1995, plaintiff suffered verbal abuse and other unfair treatment at defendant Serino's hands.

24. Defendant Cashman knew or should have known of ongoing discrimination as aforesaid and failed to remedy the wrong, having occupied a position where he is required to do so, and/or was directly involved in the perpetration of said discrimination.

25. At all times relevant hereto, plaintiff was a person within the meaning of 42 U.S.C.§ 1983.

26. At all times relevant hereto, defendants Serino and Rainey were persons within the meaning of 42 U.S.C.§ 1983.

27. At all times relevant hereto, defendants were acting under color of state law.

28. At all times relevant hereto, plaintiff was an employee of the Board.

29. During the term of her employment, plaintiff was qualified and performed all tasks of her position consistent with the requirements of her job.

30. During the term of her employment, defendants subjected plaintiff to disparate treatment.

31. Said disparate treatment of plaintiff by defendants was due to plaintiff's race, ethnic origin and gender, in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

32. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

**COUNT TWO- 42 U.S.C. § 1981- Against Both Defendants in their individual capacity**

33-65. Paragraphs 1 through 32 of Count One are hereby made Paragraphs 33 through 65 of Count Two.

66. Said disparate treatment of plaintiff by defendants was due to plaintiff's race in violation of 42 U.S.C. § 1981.

**COUNT THREE-C.G.S.§46a-70 - Against Both Defendants in their individual capacity**

67-84. Paragraphs 1 through 32 of Count One are hereby made Paragraphs 67 through 99 of Count Three.

85. At all times relevant hereto, defendants were acting under color of state law.

86. At all times relevant hereto, plaintiff was an employee of the Board.

87. During the term of her employment, plaintiff was qualified and performed all tasks of her position consistent with the requirements of his job.

88. Defendants considered plaintiff's race and color in failing to promote her, in violation of C.G.S.§46a-70.

89. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

IV.                          **REQUEST FOR RELIEF**

WHEREFORE, the plaintiff prays for the following relief:

1. Compensatory Damages;

2. Punitive damages;

3. Statutory Damages;

4. Equitable Remedies;

3. Reasonable attorneys fees, costs and interest pursuant to 42 U.S.C. §1988; and

4. Such other relief as the court deems just and appropriate.

V.                          **JURY DEMAND**

Plaintiff hereby demand a trial by jury.

PLAINTIFF

By /s/ *[signature]*
Francis A. Miniter, Esq. ct09566
Miniter and Associates
147 Charter Oak Avenue
Hartford, CT 06106
Tel. (860)560-2590
Fax (860) 560-3238

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following this 23rd day of October 2003:

Maria C. Rodriguez
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
Francis A. Miniter