UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIGITTA RAINEY | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV2109(SRU) |
| | : | |
| v. | : | |
| | : | |
| SHAUN B. CASHMAN, COMMISSIONER | : | |
| CONNECTICUT DEPARTMENT OF LABOR | : | |
| ET AL. | : | |
| *Defendants* | : | FEBRUARY 26, 2004 |

**DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT
OF MATERIAL FACTS AS TO WHICH THERE IS
NO GENUINE ISSUE TO BE TRIED**

1. Defendant, Shawn Cashman was appointed as Commissioner of the State of Connecticut, Department of Labor on January 16, 2001.  Affidavit of Thomas Malecky attached hereto as Exhibit 1, ¶ 3.

2. Defendant, Catherine J. Serino was hired by the Department of Labor on June 8, 1987.  Effective August 11, 1989 she became the Acting Director of the State of Connecticut Board of Mediation and Arbitration and effective August 10, 1990, she was appointed as the Director of the State Board of Mediation and Arbitration.  Affidavit of Thomas Malecky, ¶ 4.

3. Brigitta Rainey was hired by the State of Connecticut, Department of Labor effective August 5, 1994 as a Data Entry Operator 1.  Affidavit of Thomas Malecky, ¶ 5.

4. Ms. Rainey is an African American female. Affadavit of Cathy J. Serino, attached hereto as Exhibit 2, ¶ 3.

5. In a memo dated August 11, 1995, Ms. Rainey requested that she be demoted to accept a Clerk Typist position in the State Board of Mediation and Arbitration. Affidavit of Thomas Malecky, ¶ 6, Attachment B.

6. Ms. Rainey applied for the voluntary demotion with the hopes of being promoted. Deposition of Brigitta Rainey, taken November 24, 2003, hereinafter Dep., p. 19, line 7 & 8. All excerpts for Dep. Are attached hereto as Exhibit 3.

7. On August 29, 1995, Ms. Rainey was informed that her request to be demoted was being processed and effective September 1, 1995 she was being appointed as a Clerk Typist at the Board of Mediation and Arbitration. Affidavit of Thomas Malecky, ¶ 7, Attachment C.

8. In a memo dated January 4, 1996, Catherine Serino requested that Ms. Rainey by promoted from Clerk Typist to Office Assistant. Affidavit of Thomas Malecky, ¶ 8, Attachment D.

9. In a letter dated June 3, 1996, Ms. Rainey was notified that she was being promoted to Office Assistant effective May 10, 1996. Affidavit of Thomas Malecky, ¶ 9, Attachment E.

10. A Secretary 1 vacancy was posted for the State Board of Mediation and Arbitration with a deadline of March 23, 1998. Ms. Rainey did not apply for this Secretary 1 vacancy. Suzanne Hinz was hired for this vacancy. Affidavit of Thomas Malecky, ¶ 10.

2

11. In 1998 Catherine Serino sent a memo to the Director of Human Resources at the Department of Labor a request that all the clerical support staff position with the State Board of Mediation and Arbitration be upgraded.  Affidavit of Catherine J. Serino, ¶ 5.

12. After several meetings with the staff at the Human Resources Office of the Department of Labor a request was made to the Department of Administrative Services to reclassify/upgrade the following positions:  Processing Technician to Unit Supervisor (Brigette Bisson-Bergeron); Secretary 1 to Secretary 2 (Mary Serravalle, Ivette Hernandez, Suzanne Hinz, Myrlene Fay Krock, Rose Zarilli) and Office Assistant to Secretary 1 (Brigitta Rainey).  Affidavit of Catherine J. Serino, ¶ 6.

13. In the spring of 1998 Ms. Serino had a conversation with Ms. Rainey in which she told her that she had recommended that her position be upgraded from Office Assistant to Secretary 1.  At the time Mary Sullivan from the State of Connecticut, Department of Administrative Services had informed Ms. Serino that there would be no problem up grading the position of Office Assistant to Secretary 1, but that Ms. Sullivan wanted to do a desk audit of the Secretary 1's to see if they should be upgraded to Secretary 2s.  Affidavit of Catherine J. Serino, ¶ 7.

14. In a letter dated March 25, 1999, the Department of Labor was informed by the Department of Administrative Services, that Ms. Rainey was being recommended for promotion from Office Assistant to Secretary 1; that Mary Serravalle, Ivette Hernandez, Suzanne Hinz, Myrlene Fay and Rose Zarilli were being recommended for promotion from Secretary 1's to Secretary 2's and Brigette Bisson-Bergeron

3

was being recommended for promotion from Processing Technician to Unit Supervisor. The letter also had a hand written note that the recommendation had been approved. Affidavit of Thomas Malecky, ¶ 12, Attachment F.

15. In a letter dated April 8, 1999, Ms. Rainey was notified that she was being appointed as a Secretary 1, effective April 9, 1999. Affidavit of Thomas Malecky, ¶ 13, Attachment G.

16. Ivette Hernandez was hired by the State Board of Mediation and Arbitration on September 26, 1986 as a Clerk Typist. She was promoted to Secretary 1 effective May 5, 1989 and reclassified to Secretary 2 effective April 9, 1999. Affidavit of Thomas Malecky, 15.

17. Mary Serravalle was hired by the State Board of Mediation and Arbitration on August 31, 1987 as a Clerk Typist. She was promoted to Secretary 1 effective, May 5, 1989 and reclassified to Secretary 2 effective April 9, 1999. Affidavit of Thomas Malecky, ¶ 16.

18. Myrlene Krock was hired by the State Board of Mediation and Arbitration as a full time employee on April 22, 1994 as a Clerk Typist. She was promoted to Secretary 1 effective March 31, 1995 and reclassified to Secretary 2 effective April 9, 1999. Affidavit of Thomas Malecky, ¶ 17.

19. Suzanne Hinz was hired by the State of Connecticut, Department of Labor on August 14, 1998 as a Secretary 1 and reclassified to Secretary 2 effective April 9, 1999. Affidavit of Thomas Malecky, 18.

20. The Department of Administrative Services is responsible for administering all reclassifications. Conn. Gen. Stat. 5-227a outlines the criteria for promotions by

reclassification of position. General Letter 226 Promotions by Reclassification is a letter to Agencies by the Department of Administrative Services to assist agencies in determining who is eligible for reclassification promotions. Affidavit of Thomas Malecky,    ¶ 19.

21. General Letter 226 states that in order for an employee to be reclassified he/she must 1) meet the minimum qualifications for the reclassified position as detailed on the job specification for the classification; 2) have received a satisfactory appraisal on his/her two most recent consecutive performance evaluations; 3) employee must have worked at his/her existing level in their current position for a minimum period of six months; 4) the reclassified position must be approved by the Commissioner of Administrative Services. Affidavit of Thomas Malecky, ¶ 20.

22. The job specification for Secretary 2 provides that a candidate must have General Experience of three (3) years experience above the routine clerk level in the office support or secretarial work and one (1) year of the General Experience must have been as a Secretary 1 or its equivalent. Affidavit of Thomas Malecky ¶ 21, Attachment J.

23. At the time of the reclassification notice on March 25, 1999, Ms. Rainey would not have been eligible for Secretary 2 even had she received Ms. Hinz position, since she did would have not had one year of secretarial experience. Affidavit of Thomas Malecky, ¶ 22.

24. Ms. Hinz had secretarial experience before being hired by the Department of Labor. Affidavit of Thomas Malecky, ¶ 23, Attachment K.

25. Ms. Hinz was a secretary from October 1985 to March 1988 and an Administrative Secretary from September 1994 until hired by the Department of Labor at the Masonic Geriatric Healthcare Center. Affidavit of Thomas Malecky, Attachment K.

26. Ms. Rainey submitted a copy of a resume when she applied for a Secretary 1 position on March 17, 1999. Affidavit of Thomas Malecky, ¶ 24, Attachment L.

27. Ms. Rainey's resume does not indicate that she had previous secretarial experience prior to being hired by the Department of Labor. Affidavit of Thomas Malecky, Attachment L.

28. There is no automatic promotion for individuals who hold the Secretary 1 position after they have completed their 6 month promotion period. Affidavit of Thomas Malecky, ¶ 25.

29. On or about November 13, 2001, the plaintiff filed a Complaint against Shawn Cashman and Catherine Serino. Complaint. See Court file (#1).

30. On or about October 21, 2003, the plaintiff filed an Amended Complaint against Shawn Cashman and Catherine Serino. Amended Complaint. See Court file. (#36).

31. At the time of the reclassification of the office in April of 1999, Ms. Rainey was the only office assistant and there were four secretary ones who were promoted to Secretary 2s. Deposition of Ms. Rainey, p. 72, line 4-25 and p. 73, line 1-12.

32. Ms. Rainey claims she was discriminated against in not being promoted to Secretary 2. Amended Complaint, ¶'s 20 and 21.

33. On or about February 23, 2000, Ms. Rainey sent an e-mail to Ms. Serino requesting that she be upgraded to a Secretary 2. At that time Ms. Serino did not feel Ms. Rainey was able to perform the work of a Secretary 2. However, Ms. Serino did tell Ms. Rainey that she would work with her to get the skills she needed to be a Secretary 2 and sent her to various classes by the Department of Labor and by other training institutions. When Ms. Serino felt Ms. Rainey had the skills to be a Secretary 2, she requested that she be upgraded. Affidavit of Catherine J. Serino, ¶ 9.

34. Ms. Rainey passed the exam for Secretary 2 on August 9, 2000. Deposition of Ms. Rainey, p. 77, lines 14-25.

35. In a letter dated January 9, 2002, Ms. Rainey was informed that she had been promoted to Secretary 2 effective November 30, 2001. Affidavit of Thomas Malecky, ¶ 14, Attachment H.

36. Ms. Rainey claims that Ms. Serino verbally abused her by stating that she "apologized for the plaintiff feeling like a dog" after the plaintiff said she would not let this department treat me like a dog. Dep., p. 89, lines 5-25.

37. Ms. Rainey claims Suzanne Hinz yelled at her and when she started to yell back, Ms. Serino said "okay ladied, that's enough" and the comment was made to both individuals. Dep., p.80, lines 5-25 and p. 81, lines 1-7.

38. Ms. Rainey Claimed a co-worker was throwing files at her desk and it continued a few times before Ms. Serino stopped it. Dep., p. 84, lines 10-21.

39. Ms. Rainey complained to Ms. Serino that another employee, Myrlene Fay Krock was throwing files on her desk. Ms. Serino spoke with Ms. Krock and informed her of the complaint and they discussed the matter. Affidavit of Catherine J. Serino, ¶ 14.

40. Ms. Rainey claims she discriminated against when she was not allowed to go on flex time, but when she came back from maternity leave coworkers were on flex time. Dep. p. 84, lines 24-25; p. 85, lines 1-25; p. 86, lines 1-15.

41. Starting in 1995 Ms. Serino only allowed flex time for employees who participated in a car/van pool. Car/van pool employees were mandated by the Department of Labor to be allowed flex time. Ms. Rainey was not the only employee who was denied flex time. Affidavit of Catherine J. Serino, ¶ 13.

42. After numerous employees requested that Ms. Serino allow flex time she informed the clerical staff that she would allow flex time if the employees could set up a system that would cover core hours. The employees were able to set up such a system. Affidavit of Catherine J. Serino, ¶ 14.

43. In April of 2000 Ms. Serino moved Myrlene Fay Krock, Brigitta Rainey and Ivette Hernandez in an effort to make Myrlene Krock more accessible to the arbitrators and reduce traffic in the office. The staff was informed of the reason for this reorganization at the time. Affidavit of Catherine J. Serino, ¶ 10.

44. Ms. Rainey clams that she was discriminated against when a leave time request. Dep., p. 93, line 1-6.

45. In June of 2000 Ms. Rainey's requested 2 hour leave time. At the time Ms. Serino was under the impression that the request was made on short notice, that day or the day before. Ms. Serino also questioned her use of time since she had already taken two days off. Once it came to Ms. Serino's attention that she had had the leave slip for a few days and failed to respond or address the use of time, she granted the request. Affidavit of Catherine J. Serino, ¶ 11.

46. Ms. Rainey claims that she was discriminated against when she was spoken to for going to the Department of Corrections for breakfast. Dep., p. 78, lines 21-25.

47. Ms. Serino did speak with Ms. Rainey about leaving the Department of Labor and going to the Department of Corrections for breakfast on time that was not designated as her break time. Had Ms. Rainey gone to the cafeteria during her scheduled breaks Ms. Serino would not have raised the issue. Ms. Serino was not aware of any other employees who went over to the Department of Corrections for breakfast on an unscheduled break. Affidavit of Catherine J. Serino, ¶ 15.

48. Ms. Rainey states that she suffered no disparate treatment from similarly situated non-African American, non-black employees because of race at the hands of defendant Cashman. Dep., p. 103, lines 11-19.

49. Ms. Rainey claim against defendant Cashman is that he discriminated against her by not intervening. Dep., p. 93 line 14-19.

50. Ms. Rainey also stated that she was not aware of any other incidents where the commissioner intervened with an employee. Dep., p. 94, line 16-20.

51. There have been no permanent full time male clerical or secretarial employees at the State Board of Mediation and Arbitration during the relevant time period of the plaintiff's Complaint. Dep., p. 72, line 20-25. Affadavit of Catherine J. Serino, ¶ 4.

>DEFENDANTS,
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY:_____
>Maria C. Rodriguez
>Assistant Attorney General
>55 Elm Street, P.O. Box 120
>Hartford, CT 06141-0120
>Tel.: (860) 808-5340
>Fax: (860) 808-5383
>E-mail : Mariac.Rodriguez@po.state.ct.us
>Federal Bar No. ct 08946

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendant's Local Rule 56(a)1 Statement was mailed this 26th day of February, 2004, first class postage prepaid, to:

Christine E. Corriveau, Esq.
Miniter and Associates
147 Charter Oak Avenue
Hartford, CT 06106
Tel.: (860) 560-2590
Fax.: (860) 560-3238

>_____
>Maria C. Rodriguez
>Assistant Attorney General