UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIGITTA RAINEY, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV2109(SRU) |
| | : | |
| v. | : | |
| | : | |
| SHAUN B. CASHMAN, COMMISSIONER, DEPARTMENT' OF LABOR, ET AL, | : | |
| *Defendants* | : | FEBRUARY 23, 2004 |

## AFFIDAVIT OF THOMAS F. MALECKY

I, THOMAS F. MALECKY, being duly sworn, depose and say as follows:

1. I am over the age of 18 years and understand the obligation of an oath.

2. I have been the Director of Human Resources for the State of Connecticut, Department of Labor since February of 1999. As Director of Human Resources I am responsible for maintaining personnel files for all employees of the Department of Labor, including employees of the State Board of Mediation and Arbitration. I am also responsible for ensuring that request for promotions and reclassifications of employees comply with the requirements of the State of Connecticut, Department of Administrative Services and Connecticut General Statutes and Regulations.

3. Shawn Cashman was appointed as Commissioner of the State of Connecticut, Department of Labor on January 16, 2001.

4. Catherine J. Serino was hired by the Department of Labor on June 8, 1987. Effective August 11, 1989 she became the Acting Director of the State of Connecticut Board of Mediation and Arbitration and effective August 10, 1990, she was appointed as the Director of the State Board of Mediation and Arbitration.

5. Brigitta Rainey was hired by the State of Connecticut, Department of Labor effective August 5, 1994 as a Data Entry Operator 1. Attachment A is a genuine copy of Ms. Rainey's letter of appointment as Data Entry Operator dated August 3, 1994.

6. In a memo dated August 11, 1995, Ms. Rainey requested that she be demoted to accept a Clerk Typist position in the State Board of Mediation and Arbitration. Attachment B is a genuine copy of the August 11, 1995 Memo.

7. On August 29, 1995, Ms. Rainey was informed that her request to be demoted was being processed and effective September 1, 1995 she was being appointed as a Clerk Typist at the Board of Mediation and Arbitration. Attachment C is a genuine copy of the August 29, 1995 letter.

8. In a memo dated January 4, 1996, Catherine Serino requested that Ms. Rainey by promoted from Clerk Typist to Office Assistant. Attachment D is a genuine copy of the January 4, 1996 letter.

9. In a letter dated June 3, 1996, Ms. Rainey was notified that she was being promoted to Office Assistant effective May 10, 1996. Attachment E is a genuine copy of the June 3, 1996 letter.

10. A Secretary 1 vacancy was posted for the State Board of Mediation and Arbitration with a deadline of March 23, 1998.  Ms. Rainey did not apply for this Secretary 1 vacancy. Suzanne Hinz was hired for this vacancy.

11. In 1998 the Department of Labor requested reclassification promotions for secretarial staff at the State Board of Mediation and Arbitration.

12. In a letter dated March 25, 1999, the Department of Labor was informed by the Department of Administrative Services, that Ms. Rainey was being recommended for promotion from Office Assistant to Secretary 1, that Mary Serravalle, Ivette Hernandez, Suzanne Hinz, Myrlene Fay and Rose Zarilli were being recommended for promotion from Secretary 1's to Secretary 2's and Brigette Bisson-Bergeron was being recommended for promotion from Processing Technician to Unit Supervisor.  The letter also had a hand written note that the recommendation had been approved Attachment F is a genuine copy of the March 25, 1999 letter.

13. In a letter dated April 8, 1999, Ms. Rainey was notified that she was being appointed as a Secretary 1, effective April 9, 1999.  Attachment G is a genuine copy of the April 8, 1999 letter.

14. In a letter dated January 9, 2002, Ms. Rainey was informed that she had been promoted to Secretary 2 effective November 30, 2001.  Attachment H is a genuine copy of the January 9, 2002 letter.

15. Ivette Hernandez was hired by the State Board of Mediation and Arbitration on September 26, 1986 as a Clerk Typist.  She was promoted to Secretary 1 effective May 5, 1989 and reclassified to Secretary 2 effective April 9, 1999.

16. Mary Serravalle was hired by the State Board of Mediation and Arbitration on August 31, 1987 as a Clerk Typist. She was promoted to Secretary 1 effective, May 5, 1989 and reclassified to Secretary 2 effective April 9, 1999.

17. Myrlene Krock was hired by the State Board of Mediation and Arbitration as a full time employee on April 22, 1994 as a Clerk Typist. She was promoted to Secretary 1 effective March 31, 1995 and reclassified to Secretary 2 effective April 9, 1999.

18. Suzanne Hinz was hired by the State of Connecticut, Department of Labor on August 14, 1998 as a Secretary 1 and reclassified to Secretary 2 effective April 9, 1999.

19. The Department of Administrative Services is responsible for administering all reclassifications. Conn. Gen. Stat. 5-227a outlines the criteria for promotions by reclassification of position. General Letter 226 Promotions by Reclassification is a letter to Agencies by the Department of Administrative Services to assist agencies in determining who is eligible for reclassification promotions. Attachment I is a genuine copy of General Letter 226.

20. General Letter 226 states that in order for an employee to be reclassified he/she must 1) meet the minimum qualifications for the reclassified position as detailed on the job specification for the classification; 2) have received a satisfactory appraisal on his/her two most recent consecutive performance evaluations; 3) employee must have worked at his/her existing level in their current position for a minimum period of six months; 4) the reclassified position must be approved by the Commissioner of Administrative Services. Id.

21. The job specification for Secretary 2 provides that a candidate must have General Experience of three (3) years experience above the routine clerk level in the office support or secretarial work and one (1) year of the General Experience must have been as a Secretary 1 or its equivalent. See Special Experience requirement. Attachment J is a copy of the Job Specification for Secretary 2. See p. 2.

22. At the time of the reclassification notice on March 25, 1999, Ms. Rainey would not have been eligible for Secretary 2 even had she received Ms. Hinz position, since she did would have not had one year of secretarial experience.

23. Ms. Hinz had secretarial experience before being hired by the Department of Labor. Attachment K is a genuine copy of Ms. Hinz's resume when she was hired by the Department of Labor.

24. Ms. Rainey submitted a copy of a resume when she applied for a Secretary 1 position on March 17, 1999. Attachment L is a genuine copy of Ms. Rainey's resume.

25. There is no automatic promotion for individuals who hold the Secretary 1 position after they have completed their 6 month promotion period.

26. I have read the foregoing and it is all true to the best of my knowledge and belief.

                                        _____
                                        Thomas F. Malecky
                                        Director of Human Resources
                                        State of Connecticut
                                        Department of Labor

       Subscribed and sworn before me on this 23rd day of February, 2004, at Hartford, Connecticut.

                                        _____
                                        Maria C. Rodriguez
                                        Commissioner of the Superior Court