UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIGITTA RAINEY, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV2109(SRU) |
| | : | |
| v. | : | |
| | : | |
| SHAUN B. CASHMAN, COMMISSIONER, DEPARTMENT OF LABOR, ET AL, | : | |
| *Defendants* | : | FEBRUARY 25, 2004 |

## AFFIDAVIT OF CATHERINE J. SERINO

I, CATHERINE J. SERINO, being duly sworn, depose and say as follows:

1. I am over the age of 18 years and understand the obligation of an oath.

2. I have been employed by the State of Connecticut, Department of Labor as the Director of the Board of Mediation and Arbitration since 1989.

3. Ms. Rainey is an African American female.

4. There have been no full time permanent male clerical or secretarial employees at the Board of Mediation and Arbitration since I became Director.

5. In 1998 I sent a memo to the Director of Human Resources at the Department of Labor a request that all the clerical support staff position with the State Board of Mediation and Arbitration be upgraded.

6. After several meetings with the staff at the Human Resources Office of the Department of Labor a request was made to the Department of Administrative Services to reclassify/upgrade the following positions: Processing Technician to Unit Supervisor (Brigette Bisson-Bergeron); Secretary 1 to Secretary 2 (Mary Serravalle, Ivette Hernandez, Suzanne Hinz, Myrlene Fay Krock, Rose Zarilli) and Office Assistant to Secretary 1 (Brigitta Rainey).

7. In the spring of 1998 I had a conversation with Ms. Rainey in which I told her that I had recommended that her position be upgraded from Office Assistant to Secretary 1. At the time Mary Sullivan from the State of Connecticut, Department of Administrative Services had informed me that there would be no problem up grading the position of Office Assistant to Secretary 1, but that she wanted to do a desk audit of the Secretary 1's to see if they should be upgraded to Secretary 2s.

8. In a letter dated March 25, 1999, the Department of Labor was informed by the Department of Administrative Services that the request to reclassify the clerical positions at the State Board of Mediation and Arbtitration was being recommended by the Human Resources Consultant and was approved on March 26, 1999.

9. On or about February 23, 2000, Ms. Rainey sent an e-mail requesting that she be upgraded to a Secretary 2. At that time I did not feel Ms. Rainey

was able to perform the work of a Secretary 2. However, I did tell her that I would work with her to get the skills she needed to be a Secretary 2 and sent her to various classes by the Department of Labor and by other training institutions. When I felt Ms. Rainey had the skills to be a Secretary 2, I requested that she be upgraded.

10. In April of 2000 I moved Myrlene Fay Krock, Brigitta Rainey and Ivette Hernandez in an effort to make Myrlene Krock more accessible to the arbitrators and reduce traffic in the office. The staff was informed of the reason for this reorganization at the time.

11. In June of 2000 Ms. Rainey's requested 2 hour leave time. At the time I was under the impression that the request was made on short notice, that day or the day before. I also questioned her use of time since she had already taken two days off. Once it came to my attention that we had had the leave slip for a few days and failed to respond or address the use of time, I granted the request.

12. Ms. Rainey complained to me that another employee, Myrlene Fay Krock was throwing files on her desk. I spoke with Ms. Krock and informed her of the complaint and we discussed the matter.

13. Around 1995 the Department of Labor mandated that car/van pool employees be allowed to use flex time. At that time I only allowed flex

time for employees who participated in a car/van pool. Bridgette Bergeron and Kristen Flowers were allowed flex time because they were in a car/van pool. Employees who were not in a car/van pool, including Ms. Rainey, were denied flex time when requested.

14. After numerous employees requested that I allow flex time I informed the clerical staff that I would allow flex time if the employees could set up a system that would cover core hours. The employees were able to set up such a system.

15. In May of 2003 I did speak with Ms. Rainey about leaving the Department of Labor and going to the Department of Corrections for breakfast on time that was not designated as her break time. Had Ms. Rainey gone to the cafeteria during her scheduled breaks I would not have raised the issue. I am not aware of any other employees who went over to the Department of Corrections for breakfast on an unscheduled break.

16. I have read the foregoing and it is all true to the best of my knowledge and belief.

 

                                                _____  
                                                Catherine J. Serino  
                                                Director,  
                                                Board of Mediation and Arbitration,  
                                                State of Connecticut,  
                                                Department of Labor

Subscribed and sworn before me on this 25th day of February, 2004, at Hartford, Connecticut.

_____
Maria C. Rodriguez
Commissioner of the Superior Court