UNITED SATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIGITTA RAINEY | : | |
|     Plaintiff | : | |
| | : | |
| | : | CIV. NO. 3:01CV2109(SRU) |
| v. | : | |
| | : | |
| SHAUN B. CASHMAN, COMMISSIONER, | : | |
| CONNECTICUT DEPARTMENT OF LABOR, | : | April 25, 2004 |
| CATHERINE J. SERINO, IN THEIR | : | |
| INDIVIDUAL CAPACITIES | : | |
|     Defendants | : | |

## AFFIDAVIT OF BRIGITTA RAINEY

The undersigned, being duly deposed and being over the age of 18 years and believing in the obligations of an oath hereby make affidavit and state:

1. I have been employed by the State of Connecticut, Department of Labor, Board of Mediation and Arbitration (hereinafter "the Board") since August, 1994.

2. In March, 1999, I was employed as an Office Assistant by the Board. At said time, I became aware that the Board had a Secretary I position open, a position that offered greater pay and responsibilities than the position I currently held.

3. Defendant Catherine J. Serino, Director of the Board was aware that I intended to post for the Secretary I position, and offered to upgrade my position of Office Assistant. Based on Serino's representations, I did not post for the Secretary I position.

4. The Board, acting through defendant Serino, hired a Caucasian individual, Suzanne Hinz, to fill said Secretary I position. In or around April, 1999, defendant Serino stated at an interdepartmental meeting that the Secretary I position aforementioned filled by Ms. Hinz would not be upgraded to level II..

     5.     In or around June, 1999, I became aware of a Secretary I position open with the Board.

     6.     I applied to transfer to said position, and said transfer was approved without requesting an upgrade to level II, in June, 1999.

     7.     In or around September, 1999, at the end of her six month probation period, Ms. Hinz was upgraded to a level II position, with a corresponding upgrade of pay, despite defendant Serino's statement that said upgrade would not be made.

     8.     My six month probation period was completed in December, 1999, but I was not upgraded to a level II status as had been Ms. Hinz.

     9.     In or around February, 2000, I requested via email from defendant Serino an upgrade to a level II position. Defendant Serino failed to comply with said request.

     10.     My job performance evaluations were all greater than satisfactory, and I successfully completed my probation period at her stated position.

     11.     Defendant Serino treated me differently than Plaintiff's non-African American, non-black co-workers in that since 1995, I have suffered verbal abuse and other unfair treatment at defendant Serino's hands.

     12.     On many, many occasions, Catherine Serino verbally abused me in front of my co-workers. I have never heard Serino criticize a non-African American co-worker.

     13.     On occasion I went to the Department of Corrections to get something to eat. One day, when I returned, Serino yelled at me in front of my co-workers and told me I could no longer do that. I understand why Serino does not want me to go to the Department of Corrections, however, the severity of the criticism, coupled with the openness in front of my co-workers, is an example of how I am treated differently by Serino.

14. Defendant Serino does not intervene when co-workers verbally abuse me, but she intervenes immediately when I attempt to stand up for myself.

15. Defendant Cashman knew or should have known of ongoing discrimination as aforesaid and failed to remedy the wrong, having occupied a position where he is required to do so.

16. I have completed several programs and earned certificates in the Secretarial sciences. In 1989, I completed a course in Word Processing and Office Procedures at TCU Manpower Training Program in Washington DC. In 1995, I received a certificate from Middlesex Community College in Secretarial Science. In 1996, I received a Certificate for completing a program in WordPerfect Windows 6.1 Level 3.

17. Based on the my education and work experience, I believe I would have been eligible to become a Secretary II at the time of the reclassification notice on March 25, 1999.

Dated at Meriden, Connecticut this ___ day of April, 2004.

_____
Brigitta Rainey

Subscribed and sworn to before me this ____ day of April, 2004.

_____
Christine E. Corriveau
Commissioner of the Superior Court