UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAY 14 P 12: 22
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| BRIGITTA RAINEY<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:01CV2109(SRU) |
| v. | : |
| SHAUN B. CASHMAN, COMMISSIONER<br>CONNECTICUT DEPARTMENT OF LABOR<br>ET AL.<br>*Defendants* | :<br>:<br>:<br>: MAY 13, 2004 |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

The defendants in the above entitled matter hereby reply to the plaintiff's Memorandum of Law in Support of Plaintiff's Objection to Summary Judgment.

## II. THE PLAINTIFF FAILES TO STATE A PROPER EQUAL PROTECTION CLAIM AGAINST CATHERINE SERINO.

As stated in the Defendants' Memorandum of Law in Support of Motion for Summary Judgment, "[t]he Equal Protection Clause only guarantees like treatment to persons similarly situated. Id. (citation omitted.) "A person brining an action under the Equal Protection Cause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." Huebschen v. Dept. Of Health and Human Services, 716 F.2d 1167, 1171 (7th Cir. 1983).

> To establish a claim of unequal protection, plaintiff must establish that (1). . . compared with others similarly situated, [he] was selectively treated; and (2) that such selective treatment was based on [constitutionally] impermissible consideration. . . . [T]he equal protection clause does not

> provide a cause of action for every misapplication or arbitrary application of state law. . . . [T]he equal protection clause is primarily concerned with classes or groups, not individuals. . . . [A] case invoking the equal protection clause, if it is to succeed, must allege something more than a tort, personal to the plaintiff. . . .Plaintiff must establish that he was in fact singled out for special treatment and that defendants took the action intentionally to discriminate against him because of his membership in a constitutionally identifiable group.

Gates v. Sicaras, 706 F.Supp. 169, 174 (D.Conn. 1989)(internal citations omitted). The Second Circuit Court of Appeals has held that for a plaintiff to establish that he was treated more harshly than "similarly situated" employees, not in the plaintiff's protected class, plaintiff must compare himself to individuals that are similarly situated in all material respects.

The plaintiff has failed to establish how "similarly situated" employees were treated differently then her. The plaintiff has made conclusory allegations that she was treated differently in being criticized, but she has provided no factual allegations or evidence of a co-worker engaged in a similar action and receiving different treatment.

The plaintiff also argues that she was selectively treated when the reclassification occurred and that she would have been eligible for the Secretary 2 position even if she had not been a Secretary 1 for a full year prior to the reclassification. An individual cannot be reclassified unless they meet the minimum qualifications for the reclassified position as detailed on the job specification for the classification. Defendants' Local Rule 56(a)1 Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried, ¶ 21. The job specification for Secretary 2, Attachment J to the Affidavit of Thomas Malecky, Exhibit 1 to Defendants' Local Rule 56(a)1 Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried, provides as follows:

Experience and Training:

General Experience: Three (3) years' experience above the routine clerk level in office support or secretarial work.

Special Experience: One (1) year of the General Experience **must** have been as a Secretary 1 or its equivalent.

Substitution Allowed:

College training in the secretarial science **may be substituted for the General Experience** on the basis of fifteen (15) semester hours equaling one-half (1/2) year of experience to a maximum of two (2) years.

(Emphasis added.) The job specification for Secretary 2 only allows substitution of college training in the secretarial science for General Experience, not for Special Experience. Special Experience requires that the candidate must have one year of general experience as a Secretary 1 or its equivalent.

The plaintiff, in her Memorandum of Law in Support of Plaintiff's Objection to Summary Judgment, p. 6., states "[t]he Plaintiff had completed several programs and earned certificates in the Secretarial sciences. . . .the plaintiff would have been eligible to become a Secretary II at the time of the reclassification notice on March 25, 1999, if substitutions were allowed." Substitutions of college training are only allowed for General Experience requirements of Secretary 2. The plaintiff still needs to meet the Special Experience requirement of having been a Secretary 1 or its equivalent for one year. Since the he plaintiff did not meet the Special Experience requirement she was not eligible for the Secretary 2 position on March 25, 1999 and her claim for failure to promote must be dismissed.

3

## III. THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S 42 U.S.C. 1981 CLAIM MUST BE GRANTED.

The plaintiff's exclusive right against defendants, who are state actors, for violations of 42 U.S.C. § 1981 is 42 U.S.C. § 1983. See Defendants' Memorandum of Law in Support of Motion for Summary Judgment, pp. 10-12. The plaintiff argues that her 1981 claims must survive because the case law cited by the defendants in Defendants' Memorandum of Law in Support of Summary Judgment is from different circuit courts or from District Courts. Memorandum of Law in Support of Plaintiff's Objection to Summary Judgment, p. 7. While the defendants' agree that the court is not bound by other Connecticut District Court rulings or decisions from other circuit courts, this does not automatically mean that the plaintiff's claim must survive a Motion for Summary Judgment. Furthermore, the plaintiff does not cite to any case law that support this argument.

Assuming arguendo, the court finds that the plaintiff can bring a 42 U.S.C. § 1981 action against a state actor, then the plaintiff has failed to provide facts to support her claim against Catherine Serino or Shaun Cashman. In fact, in her Memorandum of Law in Support of Plaintiff's Objection to Summary Judgment, the plaintiff has failed to make any factual allegations against Shaun Cashman and therefore, the Motion for Summary Judgment must be granted as to him on the 42 U.S.C. § 1981 claim.

4

## CONCLUSION

For all of the foregoing reasons and the reasons raised in the Defendants' Memorandum of Law in Support of Motion for Summary Judgment, summary judgment should be granted in the defendants favor.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Maria C. Rodriguez
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-mail :
Mariac.Rodriguez@po.state.ct.us
Federal Bar No. ct 08946

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Reply Brief In Support of Motion for Summary Judgment was mailed this 13th day of May, 2004, first class postage prepaid, to:

Francis Miniter, Esq.
Miniter and Associates
147 Charter Oak Avenue
Hartford, CT 06106
Tel.: (860) 560-2590
Fax.: (860) 560-3238

_____
Maria C. Rodriguez
Assistant Attorney General